1  GLENN L. BRIGGS (SB #174497)
   Email: gbriggs@hbwllp.com
2  KYMBERLEIGH DAMRON-HSIAO (SB #240805)
   Email: kdamronhsiao@hbwllp.com
3  TINA RAD (SB #258849)
   Email: trad@hbwllp.com
4  HODEL BRIGGS WINTER LLP
   8105 Irvine Center Drive, Suite 1400
5  Irvine, California 92618
   Telephone: (949) 450-8040
6  Facsimile: (949) 450-8033

7  Attorneys for Defendant
   TARGET CORPORATION
8

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12

13  LYNN OSORIO,                    CASE NO. CV14-366 JGB(SHx)

14              Plaintiff,          [San Bernardino County Superior Court
                                    Case No: CIVDS1315746]
15       vs.
                                    **DEFENDANT TARGET
16  TARGET CORPORATION, DOES        CORPORATION'S NOTICE OF
    1 through 10,                   REMOVAL OF ACTION TO UNITED
17                                  STATES DISTRICT COURT
                Defendants.         PURSUANT TO 28 U.S.C. §§ 1332
18                                  AND 1441 (DIVERSITY)**

19

20

21

22

23

24

25

26

27

28

250452

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO U.S. DISTRICT COURT

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT defendant Target Corporation
(hereinafter "Target") hereby removes to this Court the state court action described
below.

1.    On December 31, 2013, plaintiff Lynn Osorio ("Plaintiff")
commenced an action against Target in the Superior Court of the State of California
in and for the County of San Bernardino, San Bernardino District, entitled <u>Lynn
Osorio v. Target Corporation, et al.</u>, case number CIVDS1315746 (the "Action").
A true and correct copy of the Complaint ("Complaint") and Civil Case Cover
Sheet is attached hereto as Exhibit "A."  A true and correct copy of the
corresponding Summons, filed December 31, 2013, is attached hereto as Exhibit
"B."

2.    Plaintiff served Target with the Complaint and Summons on
January 29, 2014.  Attached hereto as Exhibit "C" is a true and correct copy of the
Service of Process Transmittal by CT Corporation that Target received on January
29, 2014, confirming service was effectuated on January 29, 2014.

3.    As of the date of this Notice of Removal, Plaintiff has not filed
the Proof of Service with the Superior Court of the State of California in and for the
County of San Bernardino.

4.    On February 25, 2014, Target filed its Answer.  A true and
correct copy of the Answer Target filed with the Superior Court of the State of

1

1    California in and for the County of San Bernardino is attached hereto as Exhibit

2    "D."

3

4            5.      Because Plaintiff served Target with the Complaint on January

5    29, 2014, and this Notice of Removal was filed on February 26, 2014, this Notice

6    of Removal is filed well within 30 days from the date upon which Target was

7    served and is within the time for removal provided by law.  28 U.S.C. § 1446(b);

8    Fed. R. Civ. Proc. 6(a).

9

10           6.      This is a civil action of which this Court has original jurisdiction

11   under 28 U.S.C. Section 1332, and is one which may be removed to this Court by

12   Target pursuant to the provisions of 28 U.S.C. Section 1441, in that it is an action in

13   which the aggregate amount in controversy exceeds the sum of $75,000, exclusive

14   of interest and costs; Plaintiff and Target are citizens of different states; and Target

15   is not a citizen of California.

16

17                        **DIVERSITY OF CITIZENSHIP**

18

19           7.      There is complete diversity between Plaintiff and Target.

20

21           8.      In her Complaint, Plaintiff alleges that at all times mentioned in

22   the Complaint, she "was a resident of Riverside County, California."  (See Exhibit

23   A, ¶ 9.)  Plaintiff currently resides in Banning, California and works in California.

24   Plaintiff was born in Los Angeles County, California.  She attended middle school

25   and high school in Yucaipa, California.  She attended college at the University of

26   Redlands in the City of Redlands, California.  She holds a California driver's

27   license and is registered to vote in Riverside County, California.  Other than a brief

28

1    period when she lived in Iowa during college, Plaintiff has not lived in any state
2    other than California.

3

4         9.    Accordingly, because Plaintiff has demonstrated an intent to
5    remain in the State of California, including but not limited to the time she filed the
6    instant Action, Plaintiff is domiciled in the State of California.  Kanter v. Warner-
7    Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (stating that a person's domicile is
8    the place that she resides with the intention to remain) (superseded by statute on
9    unrelated grounds).

10

11        10.   For diversity purposes, "a corporation is a citizen of (1) the state
12   under whose laws it is organized or incorporated; and (2) the state of its 'principal
13   place of business.'  28 U.S.C. § 1332 (c)(1)."  Davis v. HSBC Bank Nev., N.A.,
14   557 F.3d 1026, 1028 (9th Cir. 2009).

15

16        11.   To determine a corporation's principal place of business,
17   Federal courts must utilize the "nerve center" test.  Hertz Corp. v. Friend, 130 S. Ct.
18   1181, 1183 (2010).  Under the "nerve center" test, a corporation's principal place of
19   business is "the place where a corporation's high level officers direct, control, and
20   coordinate the corporation's activities."  Id.  Per the U.S. Supreme Court, a
21   corporation's nerve center "should normally be the place where the corporation
22   maintains its headquarters – provided that the headquarters is the actual center of
23   direction, control, and coordination."  Id. at 1184.

24

25        12.   Target is headquartered and maintains its executive offices in
26   Minnesota.  Target's executive, finance, accounting, marketing, information
27   systems, and legal functions are all centralized at its Minnesota headquarters.  All
28   of the members of Target's upper management have their offices in Minnesota.

250452

3

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO U.S. DISTRICT COURT

1   Finally, Minnesota is where all of Target's company-wide decisions and policies
2   are made.  Accordingly, under the nerve center test, Target's principal place of
3   business is Minnesota.  Hertz, 130 S. Ct. at 1183-84.

4

5          13.    Defendant Target is incorporated under the laws of the state of
6   Minnesota.  Thus, for the purposes of diversity, Target is a citizen of Minnesota.

7

8          14.    Plaintiff has never lived in Minnesota, nor indicated any
9   intention to move to Minnesota.  Therefore, Plaintiff is not domiciled in Minnesota
10  and is not a citizen of Minnesota.  As such, Plaintiff and Target are not citizens of
11  the same state.

12

13         15.    Target hereby requests that this matter be assigned to the
14  Eastern Division of the United States District Court for the Central District of
15  California because the state court in which the action was filed by Plaintiff is within
16  this judicial district.  See 28 U.S.C. § 1446(a).

17

18                        **AMOUNT IN CONTROVERSY**

19

20         16.    In a telephone conversation on February 25, 2014, between
21  Kymberleigh Damron-Hsiao, counsel for Target, and Ritchie M. Lewis, counsel for
22  Plaintiff, Plaintiff demanded well in excess of $75,000 to settle this action.
23  Evidence appearing to reflect a plaintiff's reasonable assessment of the value of his
24  or her claims, through correspondence or otherwise, can be considered in
25  determining the amount in controversy.  See, e.g. Cohn v. Petsmart, Inc., 281 F.3d
26  837, 840 (9th Cir. 2002); Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir.
27  2004) (citing Cohn and finding that the defendant's burden—preponderance of the
28  evidence—is not an "insurmountable obstacle" to removal jurisdiction).

17.     Although Target disputes Plaintiff's allegations, an amount in controversy over $75,000 is reasonable given that Plaintiff's Complaint alleges claims for (i) gender discrimination; (ii) retaliation; and (iii) tortious discharge in violation of public policy, and Plaintiff seeks recovery of punitive damages, attorneys' fees, economic damages and non-economic (emotional distress) damages.  (See Exhibit A, ¶¶ 14-46.)

18.     Plaintiff seeks punitive damages against Target.  (See id. at ¶¶ 24, 41, 46, and p. 9 at prayer for relief).  In addition to compensatory damages, punitive damages are used to determine whether the jurisdictional minimum has been satisfied.  See Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").  Given that juries tend to award substantial punitive damages in connection with discrimination, retaliation, or wrongful termination verdicts, and Plaintiff alleges each one of these, it is apparent from the Complaint that the amount in controversy far exceeds the $75,000 jurisdictional threshold. See infra Paragraphs 21, 22.

19.     Plaintiff further seeks attorneys' fees.  (See Exhibit A, ¶ 25 and p. 9 at prayer for relief.)  Should Plaintiff prevail on her claim for discrimination in violation of the California Fair Employment and Housing Act, she will be entitled to recover attorneys' fees.  See Cal. Gov't Code § 12965(b).  When attorneys' fees are recoverable by statute, they are also factored into the determination of the amount in controversy.  See Richmond v. Allstate Ins. Co., 897 F. Supp. 447, 450 (S.D. Cal. 1995) (attorneys' fees are included in the amount in controversy "if recoverable by statute or contract").  Again, it is apparent from the Complaint that the amount in controversy well exceeds the $75,000 jurisdictional threshold.

250452

5

20.    On top of emotional distress damages, punitive damages, and attorneys' fees, which cumulatively easily exceed the $75,000 threshold in employment cases like this one, Plaintiff seeks at least $26,000 in lost wages *to date alone*, plus continuing lost wages up to the date of trial (back pay) as well as lost future wages (front pay). At the time of the termination of her employment, Plaintiff was a Group Leader—Inbound who earned a salary of $58,000 annually (without consideration of bonus or benefits). Plaintiff alleges that her termination of employment with Target occurred on August 3, 2013, and that she "was recently hired by another entity." (See Exhibit A, ¶ 23.) Plaintiff seeks lost wages for the time between her separation from Target and the beginning of her new employment of approximately $20,000 (calculated based on a $58,000 annual salary divided by 12 months and multiplied by approximately 4 months of unemployment). Plaintiff further alleges that "[w]hile plaintiff has a new job, she is losing approximately $30,000 a year in salary." (See Exhibit A, ¶ 45.) Thus, at a minimum, Plaintiff seeks approximately $6,300 for this wage differential (calculated based on a loss of $30,000 per year in salary divided by 52 weeks and multiplied by approximately 11 weeks of elapsed time since she found new employment), which together with the four months wherein Plaintiff was unemployed equates to at least $26,300 in economic damages to date alone. This calculation is exclusive of any future wages and/or lost benefits or other general and compensatory damages that Plaintiff seeks. (See id. at ¶¶ 23, 45, and p. 9 at prayer for relief.)

21.    Employment claims, such as the claims asserted by Plaintiff, are the type that routinely has resulted in jury verdicts in excess of $75,000.00 (exclusive of attorneys' fees). To establish the amount in controversy, which can include both compensatory and punitive damages, a removing defendant "may introduce evidence of jury verdicts in cases involving analogous facts." Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002) (finding it proper to

consider evidence from various jury verdict reporters to establish the amount in controversy; Schwarzer, Tashima & Wagstaffe, <u>Cal. Practice Guide: Fed. Civ. Proc. Before Trial</u> § 2:2409 (The Rutter Group 2013).  The following jury verdicts are illustrative:

        A.    <u>Stallworth v. City of Los Angeles</u>, Superior Court of Los Angeles, Case No. BC341480 (July 24, 2009) (Ralph W. Dau, Judge).  The jury awarded in excess of $75,000.00 to Stallworth for failure to promote based on gender and race discrimination.  Stallworth sought recovery for past and future lost wages for the promotion he did not receive as well as emotional distress damages. <u>See</u> Request for Judicial Notice ¶ 1.

        B.    <u>Viveros vs. Donahoe</u>, United States District Court for the Central District of California, Case No. 10-CV-08593(MMM) (June 1, 2012) (Margaret M. Morrow, Judge).  The jury awarded in excess of $75,000.00 to Viveros for emotional distress damages stemming from pregnancy discrimination and wrongful termination.  Viveros sought economic and non-economic damages. <u>See</u> Request for Judicial Notice ¶ 2.

        C.    <u>Vanderberg v. Hollywood Park</u>, Superior Court of Los Angeles, Case No. BC222811 (June 11, 2001) (Richard L. Fruin, Judge).  The jury awarded in excess of $75,000.00 to Vanderberg for race discrimination, retaliation, and wrongful termination in violation of public policy.  Vanderberg alleged that his employer had failed to promote him due to race discrimination and sought economic and emotional distress damages. <u>See</u> Request for Judicial Notice ¶ 3.

        22.    Although not identical in every respect to the case at bar, the foregoing cases contain material similarities, thereby rendering them sufficient for

the purposes of establishing the jurisdictional minimum of $75,000.00. <u>See</u> <u>Simmons</u>, 209 F. Supp. 2d at 1033 (stating that the "fact that the cited cases involve distinguishable facts is not dispositive" and that the cited cases "amply demonstrate the potential for large punitive [and emotional distress] damage awards").

23.    The foregoing verdicts are exclusive of attorneys' fees. Thus, including attorneys' fee awards which, in FEHA cases, prevailing parties typically seek well into six digits, the amount in controversy far exceeds the $75,000 threshold.

24.    Accordingly, and for the aforementioned reasons, the amount in controversy exceeds the $75,000 jurisdictional threshold.

## PROCESS, PLEADINGS AND ORDERS

25.    Attached hereto as Exhibit "A" is a copy of the Complaint and Civil Case Cover Sheet, filed with the Superior Court of the State of California in and for the County of San Bernardino on December 31, 2013.

26.    Attached hereto as Exhibit "B" is a copy of the Summons, filed with the Superior Court of the State of California in and for the County of San Bernardino on December 31, 2013.

27.    Attached hereto as Exhibit "C" is a copy of the Service of Process Transmittal by CT Corporation confirming that service of the Complaint and Summons on Target was effectuated on January 29, 2014, less than 30 days from this Notice of Removal.

250452

8

1    28.    Attached hereto as Exhibit "D" is a conformed copy of Target's

2  Answer, filed with the Superior Court of the State of California in and for the

3  County of San Bernardino on February 25, 2014.

4

5    29.    Attached hereto as Exhibit "E" is a copy of the Certificate of

6  Assignment and attached Notice of Trial Setting Conference and Notice of Case

7  Assignment, filed with the Superior Court of the State of California in and for the

8  County of San Bernardino on December 31, 2013.

9

10    30.    Target is informed and believes that Exhibits "A," "B," "C,"

11  "D" and "E" constitute all the process, pleadings and/or orders filed and received

12  by Target in this action.

13

14  //

15

16  //

17

18  //

19

20  //

21

22  //

23

24  //

25

26  //

27

28

250452

9

31.     On this or no later than the next business day, notice of this removal is being given to both Plaintiff and to the Clerk of the San Bernardino County Superior Court.  True and correct copies of these notices are attached hereto as Exhibits "F" and "G," respectively.  The proof of service of the Notice to Adverse Party of Removal will be filed with this Court immediately after the Notice is served on Plaintiff and the Superior Court filing is accomplished.


DATED: February 26, 2014          HODEL BRIGGS WINTER LLP
                                  GLENN L. BRIGGS
                                  KYMBERLEIGH DAMRON-HSIAO
                                  TINA RAD


                                  By:_____
                                          GLENN L. BRIGGS


                                  Attorneys for Defendant
                                  TARGET CORPORATION

250452

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO U.S. DISTRICT COURT

EXHIBIT "A"

# EXHIBIT "A"

Law Office of Ritchie M. Lewis    SBN #231100
8608 Utica Ave., Su 212
Rancho Cucamonga, Calif. 91730
Ph:    909 948-9890
Fax:   909 948-9820

Attorney for Lynn Osorio

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

DEC 3 1 2013

BY _____
JENNIFER MEDINA, DEPUTY

TRIAL SETTING CONFERENCE
Hearing Date 6/27/14
at 8:30 AM Dept 535

**SUPERIOR COURT OF STATE OF CALIFORNIA**

**COUNTY OF SAN BERNARDINO**

| | | |
|---|---|---|
| Lynn Osorio, | ) | Case No. :  CIVDS1315746 |
| | ) | |
| Plaintiff | ) | **COMPLAINT FOR DAMAGES** |
| | ) | |
| Vs. | ) | 1. Gender Discrimination in Violation |
| | ) | of FEHA (Calif. Gov. Code 12940 et seq.) |
| Target Corporation, | ) | 2. Retaliation in Violation of FEHA |
| DOES 1 through 10 | ) | 3. Tortious Discharge in Violation of |
| | ) | Public Policy |
| Defendants | ) | |

Plaintiff Lynn Osorio, hereinafter referred to as Plaintiff, for causes of action against

Defendant Target Corporation, a Minnesota corporation as Defendant and Does 1 through 10,

alleges in her complaint as follows;

**1.** At all times mentioned in this complaint, Defendant, Target Corporation, hereinafter

referred to as Target, was and is now a Minnesota corporation. Defendant Target conducted

business in the County of San Bernardino, State of California and was plaintiff's employer until

August 3, 2013 when she was terminated by Target. Plaintiff was terminated from the Target

facility located at 3105 N. Mango Ave., Rialto, Calif. 92337.

**2.** Plaintiff does not know the true names of defendants sued Does 1 through 10. The

plaintiff will amend this complaint to allege their true names and capacities when ascertained.

The plaintiff is informed and believes and thereon alleges that each of the fictitiously named

1  defendants are responsible in some manner for the occurrences herein alleged, and that the

2  plaintiff's damages as herein alleged were proximately caused by their conduct.

3      3. The allegations of this complaint stated on information and belief are likely to have

4  evidentiary support after a reasonable opportunity for further investigation or discovery.

5      4. Defendant Target Corporation was vicariously liable for all employees, agents and or

6  servants performing services on behalf of them.

7      5. At all times herein mentioned, Target employee, John Knutson was a management

8  level employee for Defendant and is one of the individuals whom Ms. Osorio complained to

9  about the perceived inequality in her not being assigned the day shift. In response to the

10  Plaintiff's complaints of inequality, Mr. Knutson told her to embrace her assigned shift for the

11  next 18 months or look for employment elsewhere.

12      6. Defendants and each individual employee referenced in this lawsuit, were the agents,

13  servants, employees and joint venturers of each other and, at all times herein mentioned, were

14  acting in a managerial capacity within the scope of their authority. Plaintiff is informed and

15  believes and thereon alleges that each of defendant's actions and conduct, whether or not outside

16  the scope of their authority, were known to, authorized and ratified by Defendants and were with

17  the permission and consent of the Defendants.

18      7. Plaintiff is informed and believes, and based thereon alleges that at all times herein

19  mentioned, defendants, and each of them, when acting as a principal, were negligent in the

20  selection and hiring of each and every employee, agent and or servant and every other defendant

21  as its agents, servant or employee.

22      8. Plaintiff is informed and believes and thereon alleges that each and every one of the

23  wrongful acts of the employees, agents, and servants and or Doe defendants were performed

24  under the instructions and approval, express or implied of Target Corporation

25      9. At all times mentioned in this complaint, Plaintiff Lynn Osorio was a resident of

26  Riverside County, California and was hired by defendant as an Inbound Group Leader on or

27  about April 21, 2013. At all relevant times Defendant employed plaintiff at their California office

28  located at 3105 N. Mango Ave., Rialto, California.

10. Plaintiff is a female whose employment was terminated by defendant three hours after she complained in writing about gender issues at the company. Plaintiff was a member in the protected class of employees based on her sex and complaints of gender discrimination.

11. At all times mentioned in this complaint, Target Corporation regularly employed five or more persons, bringing defendant employer within the provisions of California Government Code section 12900 et seq. prohibiting employers or their agents from discriminating against employees on the basis sex and retaliating against employees who complain of sex discrimination.

12. Plaintiff exhausted her administrative remedies by timely filing a complaint against Target with the California Department of Fair Employment and received a Right to Sue letter against Target (Exhibit A). This Right to Sue letter was mailed to Target with a Return Receipt Requested and signed for by a Target agent on October 9, 2013.

13. Plaintiff is informed and believes and thereon alleges that each of the Defendants knowingly and willfully conspired and agreed to do the acts herein alleged. Defendants did these acts pursuant to and in furtherance of their conspiracy. Defendants furthered their conspiracy by cooperation, lending aid, encouragement, ratification and adopting the acts of each other.

### FIRST CAUSE OF ACTION

DISCRIMINATION IN VIOLATION OF FEHA

(GOVT CODE SECTION 12940, 12945 et al)

(By Plaintiff Against Defendant Target Corporation)

14. The allegations of all paragraphs in this Complaint are alleged and incorporated herein by reference.

15. The laws of the State of California, as declared by its constitution and statutes, prohibit, among other things, employment discrimination because of sex.

16. When plaintiff was offered the job with defendant on March 26, 2013, she was told by defendant employee, Ashley Caldwell Morris, a female, that she would be working the day shift, Tuesday through Friday. Instead of the promised work shift, plaintiff was told by her male

supervisor, Inbound Senior Group Leader, John Knutson, that she would instead be working the weekend graveyard shift. Plaintiff learned of her shift change on or about April 19, 2013.

17. At or around the end of May 2013 defendant hired an external male applicant for the Inbound Group Leader position, the same position plaintiff was hired for in April 2013. This external male candidate with less experience than plaintiff, was given the same day shift the plaintiff was promised. Plaintiff addressed her concerns with Target Human Resource Manager Jennifer Munro on June 1,2013, June 24, 2013, July 8, 2013 and July 14, 2013. Plaintiff was told by Ms. Munro, without justification or an explanation, the company had no intention of assigning her to the day shift given to the subsequently hired male employee.

18. On June 3, 2013, June 30, 2013 and July 8, 2013 plaintiff spoke to Supervisor John Knutson about not being assigned the day shift. He told plaintiff to embrace her present shift or seek employment elsewhere.

19. As a direct result of plaintiff complaining about the subsequently hired male employee with less experience getting the subject day shift and plaintiff being told accept it or look for work elsewhere, Ms. Jennifer Munro informed plaintiff on July 14, 2013 that plaintiff's 90 day probation period was being extended.

20. From the first day of plaintiff's employment with defendant until she was terminated from employment by defendant, she was denied the opportunity to be assigned the day shift.

21. Plaintiff alleges that at all relevant times herein, she was a good employee who performed her work duties in a conscientious and professional manner. Accordingly, it is hereby alleged that defendants had no good cause or justification to terminate plaintiff's employment and that her termination was motivated by and was the result of unlawful discrimination by defendants against plaintiff and because she complained numerous times about gender discrimination.

22. After Plaintiff's termination of employment, she filed a complaint against Target Corporation with the Department of Fair Employment and Housing and was issued a Right To Sue letter on September 20, 2013. A copy of this letter is attached as Exhibit A.

23. As a direct, foreseeable and proximate result of defendant's wrongful acts, plaintiff has suffered and continues to suffer, losses of earnings and employment benefits, and has suffered humiliation, embarrassment, mental and emotional distress and discomfort, all to her damage in an amount according to proof. Plaintiff was recently hired by another entity but is earning significantly less money.

24. Defendant's acts as herein before described were carried out by officers, directors and or managing agents of defendant, and were committed fraudulently, maliciously or oppressively with the intent of injuring plaintiff, and or the acts were done with a willful and conscious disregard of plaintiff's right to work in an environment free from discrimination. Because these acts were carried out by officers, directors and or managing agents of defendant in a despicable, deliberate and intentional manner, plaintiffs are entitled to recover punitive damages in a sum sufficient to punish and deter such future conduct.

25. Pursuant to California Government Code 12965(b), plaintiff request an award of attorney fees against defendants.

## SECOND CAUSE OF ACTION

### Retaliation

#### (Against all Defendants)

26. The allegations of all paragraphs in this complaint are alleged and incorporated herein in this second cause of action.

27. Government Code Section 12940(h) makes it unlawful for "any person" to retaliate against an employee who has opposed a discriminatory practice, or filed a complaint of discrimination or harassment.

28. Plaintiff complained on at least six different occasions 6/1/2013, 6/3/2013, 6/24/13, 6/30/13, 7/8/2013, 7/14/2013, to management level employees that she was being discriminated against based on her gender because a subsequently hired male employee was given the day shift position which initially was assigned and or promised to plaintiff.

29. Target began a pattern of unjustified retaliatory conduct in an effort to force plaintiff to quit when they accused her around the 4th of July 2013 that she discriminated against Hispanic

employees because she allegedly refused to encourage Hispanic employees to dress in red, white and blue on the holiday, because according to defendant, they were not native to the United States. When plaintiff denied the accusation in its entirety, Target never presented plaintiff with supporting evidence that any employee complained about plaintiff harassing them or treating them unfairly.

30. In or about July plaintiff was also accused by Target of discriminating against employees based on their sexual orientation but again was never afforded any factual support.

31. Between July 1, 2013 and July 8, 2013, plaintiff was asked by Target to quit her employment three times. On July 1, 2013 defendant's Production Controller, Ashleigh Espeleta told plaintiff it would be easier on plaintiff and Target if she would just quit now. On July 8, 2013 Jennifer Munro told plaintiff Target did not seem to be the right fit for her and Target's time and money would be better spent if plaintiff's position was filled by someone else. On July 8, 2013 John Knutson suggested to plaintiff that she give her two week notice to quit her employment

32. When plaintiff would not quit, on July 14, 2013 she was told by defendant her 90 day probationary period which would have expired on or about July 21, 2013 was being extended another 30 days despite her personnel file being void of any disciplinary issues.

33. Consistent with the male supremacy that permeated the Target workplace, plaintiff heard Manager Dominic Fattore tell another female employee in a July 2013 meeting, "It is a man's world."

34. On Saturday, August 3, 2013 at approximately 2pm, plaintiff sent an email from her home, dated July 30, 2013 to Target (Exhibit B). The email addressed her concerns regarding discrimination and retaliation. When plaintiff appeared for her scheduled shift at approximately 5pm on August 3, 2013 she was immediately terminated from her employment. The pre-textual reason stated by Target in plaintiff's personnel file as to why plaintiff was terminated is, "Lynn has not been meeting expectations in Relating Well to Others, Resilient & Adaptable, and Communicates Effectively during probationary period with Target." The real reason plaintiff was

terminated was she orally and most recently in writing, on day of termination, complained about being discriminated and retaliated against.

35. Defendants conspired for approximately one month to force plaintiff to quit and when that effort failed, they manufactured and fabricated a theory to justify in their minds terminating plaintiff from her employment.

36. There is a causal link between Plaintiff's protected activity and the adverse employment action in that the Defendant's retaliation intensified when Defendants became aware of plaintiff's written complaints outlined in the email plaintiff sent three hours before she was terminated on a Saturday.

37. Defendant's conduct as alleged in this Complaint constitutes an unlawful employment practice in violation of Government Code 12940 et seq.

38. Defendants through its agents and supervisors, have engaged in an egregious pattern and practice of unlawful employment practice in violation of Government Code section 12940 et seq.

39. Defendants violated Government Code section 12940 et seq by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendant as described herein. Defendants failed to comply with their statutory duty to take all reasonable and necessary steps to eliminate retaliation from the workplace and to prevent it from occurring in the future. Not only did Target fail to prevent retaliation, they attempted in July 2013 to manufacture evidence by making up allegations of race and sexual orientation discrimination trying to force plaintiff to quit because she was complaining orally about discrimination. When she complained in writing, they fired her three hours later.

40. Further, other similarly situated employees as Plaintiff, who did not engage in protected activity by opposing discrimination and participating in an action under FEHA was not treated in the manner in which Plaintiff was treated.

41. Plaintiff is informed and believes, and based thereon alleges that the outrageous conduct of Defendants described herein was done with fraud, oppression, and malice with conscious disregard for her rights and with the intent, design and purpose of injuring her.

1  Plaintiff is further informed and believes that Defendants, through its officers, managing agents,

2  and its supervisors, authorized, condoned and or ratified the unlawful conduct. By reason

3  thereof, Plaintiff is entitled to punitive damages against all individual Defendants and each of

4  them, according to proof.

5

6                              **THIRD CAUSE OF ACTION**

7                        (Tortious Discharge in Violation of Public Policy)

8       42. The allegations of all paragraphs in this complaint are alleged and incorporated in this

9  third cause of action.

10      43. As set forth in the foregoing, on or about August 3, 2013 plaintiff was terminated

11 from her employment with defendant, Target because she complained at least six times orally to

12 management about a subsequently hired male employee given the preferred day shift. When

13 efforts by defendant Target to force her to quit were unsuccessful and plaintiff documented her

14 gender discrimination complaints in an email and emailed it to defendant three hours before she

15 was terminated on a Saturday, defendant retaliated against her for asserting her protective rights

16 under the Fair Employment Housing Act.

17      44. Accordingly, plaintiff alleges that her employment termination was in contravention

18 of the substantial public policy embodied in code, statutes and regulations such as Calif.

19 Government Code section 12945 (a) et. Seq., which prohibit an employer from discriminating or

20 retaliating against an employee on the basis of gender and plaintiff's complaints about

21 discrimination

22      45. As a direct, foreseeable and proximate result of defendants' wrongful acts, plaintiff

23 has suffered and continues to suffer, substantial losses of earnings and employment benefits, and

24 has suffered humiliation, embarrassment, mental and emotional distress and discomfort, all to

25 her damage in an amount according to proof. While plaintiff has a new job, she is losing

26 approximately $30,000 a year in salary.

27      46. Defendant's acts as herein alleged were carried out by officers, directors and or

28 managing agents of defendant, and were committed fraudulently, maliciously or oppressively

with the intent of injuring plaintiffs, and or with a willful and conscious disregard of plaintiff's right to work in an environment free from discrimination. Because these acts were carried out by officers, directors and or managing agents of defendant in a despicable, deliberate and intentional manner, plaintiff is entitled to recover punitive damages in a sum sufficient to punish and deter such future conduct.

WHEREFORE, Plaintiffs pray for judgment against all Defendants according to proof as follows:

1. For general damages;

2. Special damages;

3. Interest on Compensatory damages at the legal rate from the date of injury or pursuant to CCP section 3291;

4. For other compensatory damages for emotional distress and other economic losses;

5. Attorney fees;

6. Costs and expenses of suit incurred herein;

7. For other just and proper relief;

Dated: December 31, 2013                    LAW OFFICE OF RITCHIE M. LEWIS

                                            By:

                                            Ritchie M. Lewis, Attorney for Plaintiff
                                            8608 Utica Ave., Su 212
                                            Rancho Cucamonga, Calif. 91730

9
Complaint for Damages



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GOVERNOR EDMUND G. BROWN JR
DIRECTOR PHYLLIS W. CHENG

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | Videophone 916-226-5285 | TTY 800-700-2320
www.dfeh.ca.gov | email contact.center@dfeh.ca.gov

Sep 20, 2013

Lynn Osorio
9987 E. Mias Canyon Rd.
Banning, California 92220

RE: **Notice of Case Closure and Right to Sue**
    DFEH Matter Number: 166662-70044-R
    Right to Sue: Osorio / Target, John Knutson

Dear Lynn Osorio:

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective Sep 20, 2013 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

**This letter is also your Right to Sue notice.** According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commision (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

Enclosures
cc: Target Knutson



7/30/2013

Target – Corporate Human Resources

To whom it may concern:

I am a newer employee that was hired on April 21, 2013 and would like to call your attention to a number of different issues that I have endured in my short time with Target. The following lists grievances and instances of discrimination that have failed to be addressed or rectified by the senior team, human resources manager, or the general manager at T3806. My position with Target is an Inbound Group Leader.

When offered the group leader position with T3806 I was told by my recruiter, Ashley Caldwell-Morris that I would be joining the DC as an inbound group leader on the B1 key working Tuesday through Friday days. I was informed by Inbound Senior Group Leader John Knutson that I would instead be working weekend graveyard shifts on A2. My originally assigned B1 shift was then back filled at the end of May with an outside male candidate with less experience than I. I addressed my concerns with HRM Jenn Munro on 6/1/2013, 6/24/2013, 7/8/2013, and 7/14/2013 and was told that T3806 had no intention of assigning me to day shifts. In these meetings I asked to be placed in any department on day shifts and was denied even though there were openings on B1 inbound and warehousing as well as A1 MLP.

I spoke to SGL John Knutson on 6/3/2013, 6/30/2013, and 7/8/2013 regarding my assignment to night shifts and my personal and family need to be on a day shift schedule. He told me to "embrace inbound A2 for at least the next eighteen months" and then we could discuss movement based on business needs. I was also informed by him that if I could not embrace weekend graveyard shifts he suggested I look for employment elsewhere. Absolutely no regard was given to the commitment made to me by Target about my assigned shift upon recruit. I chose to come to target and turned down another job opportunity to join B1 inbound. While I understand the need to be versatile and cover shifts as necessary, I would not have accepted the offer of employment and would have chosen to go elsewhere had they been honest and forthcoming regarding my schedule due to family obligations.

In a July 14, 2013 meeting with Jenn Munro I was verbally informed that Target was not going to uphold its ninety day probationary period originally expiring July 21, 2013 and was instead going to extend my probation another thirty days until August 21, 2013. I received only a verbal message from Jenn Munro and never anything contractually in writing despite having requested written documentation at this meeting.



On July 20, 2013 I was called to an impromptu meeting by warehousing SGL Greg Bowman. Greg accused me of discriminating against homosexual members of our Target community but could not and did not provide any examples of supposed conduct on my behalf. The second accusation made on this meeting was discrimination against the Hispanic population at Target in regards to celebrating the July 4th holiday by asking Hispanic team members to dress in red, white, and blue. Greg said it had come to his attention that I would not encourage team members to dress in red, white, and blue because many of them are not native to the United States. I informed Greg that this accusation was baseless and unsubstantiated. July 4th did not fall on one of my regularly scheduled shifts and as a result was not celebrated at work by my team. Secondly, I am a member of the minority Hispanic population I was wrongfully accused of discriminating against!

T3806 lacks gender diversity in the workplace. Beginning with shift discrimination based on gender to currently being the only female group leader on A2, there is a blatant lack of gender equality in the workplace. Of eight total inbound group leaders only two are female. Specific to the A2 key, of eight executives on shift I am the only female. This has created a working environment where I am uncomfortable, feel unsafe, and have no support from my all male peers. I am repeatedly defending myself from unwelcomed comments and sexual advances from team members. When speaking with another executive about my concerns I was informed that this how operations are run in a warehouse. If I was uncomfortable in a man's world I should look for employment elsewhere. This obvious gender inequality presents itself in our regular update meetings. The most recent update meeting on 7/28/2013 had fifteen executives present of which only three were female. On the same day, our weekly communication status had nine executives in attendance of which I was the only female. This gender inequality is reinforced by repeated use of male terms such as "guys" and "his" in radio communication, verbal communication from the senior team, and written in various emails from the A2 production controller instead of gender neutral phrasing such as "team". Being on graveyard weekend shifts has only heighted this unsafe environment for me, as I am the only woman in this position and have no support, only opposition.

While I understand I am only one person with complaints, this warehouse has many issues brewing which is clear by the executive turnover rate. The turnover rate in T3806 is exceedingly high. Since joining the building group leaders Daniel Ryan, Pat Goodwin, Hermalinda Lopez, Nelson Htoy, Erin Middleton, Kimberly Bush, Erl McConley, Kevin Fellon, and Julia Reyes have all left T3806. That is nine group leaders in a matter of 90 days. Additionally Senior Group Leaders Laura Mathe and Jen Burghdorf have left the building. The high turnover rate has created a lack of consistent leadership and a lack of resources for new executives to turn to for training and guidance.

Lastly, on three separate occasions I have been asked to look for employment elsewhere. The first instance occurred with my assigned mentor and production controller Ashleigh Espelata on 7/1/2013

when she informed me that it would be easier on Target and myself if I just quit now. The second instance occurred by Jenn Munro on 7/8/2013 when she informed me that Target didn't seem to be the right fit for me and that T3806's time and money could be better spent if my position was filled by someone else. The third instance was by John Knutson on 7/8/2013 when he suggested that I give my two weeks' notice and assured me that I would be compensated for two weeks upon leaving. He said it would be easier if I parted ways with the company and he could more efficiently use his resources. This seems to be the way at this location with management wanting to use their resources more efficiently by replacing them, rather than actually working with the resources they currently have in place and trying to foster a safe, functional and productive environment. Hence, the excessive turnover rate of good employees.

From day one I have seemed to have gender bias, discrimination and have felt unsafe in my work environment. Every time I have tried to have open, candid conversations with HR or management it has not been taken seriously, turned around or just disregarded. I was out twice, once due to my grandfather passing away (bereavement) which comments were made about and another as I was very ill. I have a doctor's note that was never requested from anyone; instead I was told managers are not allowed to call in sick.

As you can see I have been very frustrated since beginning my position with Target. I was so excited to work for this company and have been disappointed over and over. There are some glaring issues at T3806. Many have already just left and I for one am tired of the treatment I have received. I would appreciate someone at corporate acknowledging this formal complaint and I am open to discussion.

Thank you,


Lynn C. Osorio

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*

Ritchie M. Lewis        SBN 231100
8608 Utica Ave., Ste 212
Rancho Cucamonga, Calif. 91730
TELEPHONE NO.: 909 948-9890          FAX NO.: 909 948-9820
ATTORNEY FOR *(Name):* Lynn Osorio

**FOR COURT USE ONLY**

SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

DEC 3 1 2013

BY _____

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Bernardino
STREET ADDRESS: 303 W. Third St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, Calif. 92415-0205
BRANCH NAME: San Bernardino District Civil Division

CASE NAME:
Lynn Osorio v Target Corporation, DOES 1 through 10

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CIVDS1315746 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder   Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive

4. Number of causes of action *(specify):* Three, Discrimination, Retaliation and Violation of Public Policy

5. This case ☐ is ☑ is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 31, 2013

Ritchie M. Lewis
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer
   or wrongful eviction)*
  Contract/Warranty Breach–Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
   Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case
   Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment *(non-
   domestic relations)*
  Sister State Judgment
  Administrative Agency Award
   *(not unpaid taxes)*
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
   harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
   Claim
  Other Civil Petition

EXHIBIT "B"

# EXHIBIT "B"

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Target Corporation, DOES 1 through 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Lynn Osorio

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

DEC 31 2013

BY _____

---

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Bernardino District Civil Division
303 W. Third St.
San Bernardino, Calif. 92415-0250

CASE NUMBER:
*(Número del Caso):* CIVDS1315746

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ritchie M. Lewis, 8608 Utica Ave., Ste 212, Rancho Cucamonga, Calif. 91730        909 948-9890

| | | | |
|---|---|---|---|
| DATE: *(Fecha)* | DEC 31 2013 | Clerk, by *(Secretario)* JENNIFER MEDINA | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Target Corporation

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |

EXHIBIT "C"

# EXHIBIT "C"

 CT Corporation

**Service of Process
Transmittal**
01/29/2014
CT Log Number 524307238

TO: Anne Lohmer
Target Corporation
1000 Nicollet Mall
Minneapolis, MN 55403-

RE: **Process Served in California**

FOR: Target Corporation (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Lynn Osorio, Pltf. vs. Target Corporation, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit(s), Notice, Certificate, Coversheet, Instructions, Attachment(s) |
| **COURT/AGENCY:** | San Bernardino County - Superior Court - San Bernardino, CA<br>Case # CIVDS1315746 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - Wrongful termination by defendant based on gender discrimination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/29/2014 at 10:15 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Earliest Answer Date - Within 30 days after this summons are served on you (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Ritchie M. Lewis<br>Law Offices of Ritchie M. Lewis<br>8608 Utica Ave.<br>Ste 212<br>Rancho Cucamonga, CA 91730<br>909-948-9890 |
| **REMARKS:** | Please note the process server underlined, circled, initialed and/or highlighted the entity name served at time of service at CT. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/30/2014, Expected Purge Date: 02/04/2014<br>Image SOP<br>Email Notification, Employee Litigation Target CT.Service@target.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / NC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT "D"

# EXHIBIT "D"

COPY

1   GLENN L. BRIGGS (SB# 174497)
    Email: gbriggs@hbwllp.com
2   KYMBERLEIGH DAMRON-HSIAO (SB #240805)
    Email: kdamronhsiao@hbwllp.com
3   TINA RAD (SB #258849)
    Email: trad@hbwllp.com
4   HODEL BRIGGS WINTER LLP
    8105 Irvine Center Drive, Suite 1400
5   Irvine, California 92618
    Telephone: (949) 450-8040
6   Facsimile: (949) 450-8033

7   Attorneys for Defendants
    TARGET CORPORATION
8

9

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

FEB 2 5 2014

BY_____
    MARTINA TRUJILLO, DEPUTY

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      COUNTY OF SAN BERNARDINO

12

13   LYNN OSORIO,                          CASE NO.  CIVDS1315746

14          Plaintiff,

15      vs.                                **DEFENDANT TARGET
                                           CORPORATION'S ANSWER TO
16   TARGET CORPORATION, DOES 1            PLAINTIFF'S UNVERIFIED
     through 10, inclusive,                COMPLAINT**

17          Defendants.                    Complaint filed:  December 31, 2013

18

19

20

21

22

23

24

25

26

27

28

250264

1    Defendant Target Corporation (hereinafter, "Defendant"), for itself and for no other

2  defendants, answers the unverified Complaint for Damages ("Complaint") of plaintiff

3  Lynn Osorio ("Plaintiff") as follows:

4

5                              **GENERAL DENIAL**

6    Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant

7  denies generally and specifically each and every allegation in the Complaint.  Defendant

8  further denies, generally and specifically, that Plaintiff is entitled to the relief requested, or

9  that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or

10  omission on the part of Defendant.

11

12                          **AFFIRMATIVE DEFENSES**

13                          FIRST AFFIRMATIVE DEFENSE

14                             (Failure to State a Claim)

15    1.    The Complaint, and each and every purported cause of action contained

16  therein, fails to state facts sufficient to constitute any claim upon which relief may be

17  granted against Defendant.

18

19                         SECOND AFFIRMATIVE DEFENSE

20                              (Failure to Mitigate)

21    2.    Plaintiff has failed to mitigate her damages, if any, and therefore any

22  damages awarded to her must be reduced or eliminated to the extent to which such

23  damages could have been avoided by a reasonable effort to mitigate the same.

24  //

25  //

26  //

27  //

28  //

DEFENDANT TARGET CORPORATION'S ANSWER TO COMPLAINT

THIRD AFFIRMATIVE DEFENSE

(Statute of Limitations)

3.     The Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, by all applicable statutes of limitation, including but not limited to California Code of Civil Procedure Section 335.1 and California Government Code Sections 12960 and 12965.

FOURTH AFFIRMATIVE DEFENSE

(Workers' Compensation Exclusivity)

4.     The Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, because the exclusive remedy for the damages alleged by Plaintiff is provided by the California Workers' Compensation Act, California Labor Code Section 3200, *et seq.*  Defendant also is entitled to set-off any recovery Plaintiff may receive from any Workers' Compensation action.

FIFTH AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

5.     Plaintiff is barred, in whole or in part, from recovery of any damages, based upon the doctrine of after-acquired evidence.

SIXTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies under the FEHA)

6.     Plaintiff's causes of action arising under the FEHA are barred because Plaintiff did not timely exhaust the administrative remedies as required and/or otherwise failed to comply with all the statutory prerequisites to bring suit pursuant to the FEHA. Cal. Gov't Code §§ 12900 *et seq.*

250264

2

## SEVENTH AFFIRMATIVE DEFENSE

### (Reasonableness, Legitimacy and Good Faith)

7.    Plaintiff's Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, because Defendant had an honest, good faith belief that all decisions with respect to Plaintiff's employment were made by Defendant solely for legitimate, business-related reasons and were reasonably based upon the facts as Defendant understood them.

## EIGHTH AFFIRMATIVE DEFENSE

### (Punitive Damages)

8.    Plaintiff is not entitled to recover punitive or exemplary damages against Defendant because: (a) Plaintiff has failed to plead facts sufficient to support allegations of malice or reckless indifference for the rights of Plaintiff or that Defendant was motivated by evil motive or intent; (b) neither Defendant nor any managerial agent of Defendant committed any alleged malicious or reckless act, authorized or ratified such an act, or had advance knowledge of the unfitness, if any, of any employee or employees who allegedly committed such an act, or employed any such employee or employees with a reckless indifference towards the rights or safety of others, and (c) an award of punitive or exemplary damages under the circumstances alleged would violate the due process clauses of the United States and California constitutions.

## NINTH AFFIRMATIVE DEFENSE

### (Course and Scope of Employment)

9.    Defendant cannot be liable for any alleged injury, as any allegedly unlawful conduct was outside the course and scope of employment of the employee(s) involved.

250264

3

1

## TENTH AFFIRMATIVE DEFENSE

2

(No Authorization of Alleged Acts)

3    10.    Defendant did not authorize, direct, or participate in any alleged

4  discriminatory or retaliatory conduct.

5

6

## ELEVENTH AFFIRMATIVE DEFENSE

7

(Mixed Motive—Same Decision Made Regardless of Alleged Improper Grounds)

8    11.    Defendant denies that it discriminated or retaliated against Plaintiff.

9  However, if Plaintiff proves Defendant's acts were discriminatory or retaliatory, Plaintiff

10  is not entitled to damages because Defendant would have made the same decision

11  regardless of the alleged discriminatory or retaliatory grounds.

12

13

## TWELFTH AFFIRMATIVE DEFENSE

14

(Additional Affirmative Defenses)

15    12.    Defendant reserves the right to assert additional affirmative defenses should

16  it become aware of such facts that warrant such defenses.

17

18

## **PRAYER**

19  WHEREFORE, Defendant prays as follows:

20

21    1.    That Plaintiff take nothing by reason of her Complaint and Judgment be

22  entered in favor of Defendant;

23

24    2.    That Plaintiff's prayer for all compensatory damages, special damages,

25  punitive damages, interest, attorneys' fees and costs be denied;

26

27    3.    That Defendant be awarded its costs of suit and attorneys' fees incurred

28  herein; and

250264

4

DEFENDANT TARGET CORPORATION'S ANSWER TO COMPLAINT

1    4.    For such other and further relief as the Court deems just and proper.

2

3

4    DATED: February 25, 2014          HODEL BRIGGS WINTER LLP
                                       GLENN L. BRIGGS
5                                      KYMBERLEIGH DAMRON-HSIAO
                                       TINA RAD
6

7

8                                      By: _____
                                              TINA RAD
9

10                                     Attorneys for Defendant
                                       TARGET CORPORATION
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

250264

                                       5

## PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             ) ss:
COUNTY OF ORANGE             )

I am employed in the County of Orange, State of California.  I am over the age of 18, and not a party to the within action.  My business address is Hodel Briggs Winter LLP, 8105 Irvine Center Drive, Suite 1400, Irvine, CA 92618.

On **February 25, 2014**, I served the foregoing document(s) described as: **DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

Ritchie M. Lewis
Law Office of Ritchie M. Lewis
8608 Utica Avenue, Suite 212
Rancho Cucamonga, CA 91730
T: (909) 948-9890
F: (909) 948-9820

☒   **BY MAIL:**  I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California.  I am readily familiar with the practice of Hodel Briggs Winter LLP for collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   **BY FACSIMILE:**  I caused said document(s) to be transmitted to a facsimile machine maintained by the office of the addressee(s) at the facsimile machine number(s) indicated.  Said facsimile number(s) are the most recent numbers appearing on documents filed and served by the addressee(s).  I received electronic confirmation from the facsimile machine that said document was successfully transmitted without error.  A copy of said electronic confirmation is maintained in this office.

☐   **BY OVERNIGHT DELIVERY:**  I am readily familiar with the practice of Hodel Briggs Winter LLP for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by the overnight delivery carrier.

☒   **STATE:**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **February 25, 2014**, at Irvine, California.

Valerie Beechler

EXHIBIT "E"

# EXHIBIT "E"

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Lynn Osorio

Case No. **CIVDS1315746**

vs.

**CERTIFICATE OF ASSIGNMENT**

Target Corporation, DOES 1 through 10

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the _____
District of the Superior Court under Rule 404 of this court for the checked reason:

☐ General        ☐ Collection

| | | Nature of Action | Ground |
|---|---|---|---|
| ☐ | 1 | Adoption | Petitioner resides within the district. |
| ☐ | 2 | Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3 | Contract | Performance in the district is expressly provided for. |
| ☐ | 4 | Equity | The cause of action arose within the district. |
| ☐ | 5 | Eminent Domain | The property is located within the district. |
| ☐ | 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9 | Mandate | The defendant functions wholly within the district. |
| ☐ | 10 | Name Change | The petitioner resides within the district. |
| ☐ | 11 | Personal Injury | The injury occurred within the district. |
| ☐ | 12 | Personal Property | The property is located within the district. |
| ☐ | 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14 | Prohibition | The defendant functions wholly within the district. |
| ☐ | 15 | Review | The defendant functions wholly within the district. |
| ☐ | 16 | Title to Real Property | The property is located within the district. |
| ☐ | 17 | Transferred Action | The lower court is located within the district. |
| ☐ | 18 | Unlawful Detainer | The property is located within the district. |
| ☐ | 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20 | Other    Plaintiff fired | Place of employment was within the district |
| ☐ | 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

Target Corporation,   3105 N. Mango Ave., Rialto, Calif. 92337

| | | |
|---|---|---|
| (NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR) | | ADDRESS |
| Rialto, Calif. | | 92337 |
| (CITY) | (STATE) | (ZIP CODE) |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

December 31, 2013

at   Rancho Cucamonga                                    , California

_Signature of Attorney/Party_

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO


SAN BERNARDINO CIVIL DIVISION
303 WEST THIRD STREET
SAN BERNARDINO, CA  92415-0210

--------------------------------------------------------------------
--------------------------------------------------------------------
                                    CASE NO: CIVDS1315746
    RITCHIE
    8608 UTICA AVE
    SUITE 212
    RANCHO CUCAMONGA CA 91730
                            NOTICE OF TRIAL SETTING CONFERENCE
                              and NOTICE OF CASE ASSIGNMENT

IN RE: OSORIO -V- TARGET CORPORATION

THIS CASE HAS BEEN ASSIGNED TO: DAVID  COHN IN DEPARTMENT S35
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at  303 West Third Street
San Bernardino, CA.

        HEARING DATE: 06/27/14 at  8:30 in Dept. S35


DATE: 12/31/13  Christina M. Volkers, Clerk of the Court
                                    By: JENNIFER MEDINA
--------------------------------------------------------------------
--------------------------------------------------------------------
                    CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 12/31/13
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 12/31/13 at San Bernardino, CA

                            BY: JENNIFER MEDINA

EXHIBIT "F"

EXHIBIT "F"

1  GLENN L. BRIGGS (SB #174497)
   Email: gbriggs@hbwllp.com
2  KYMBERLEIGH DAMRON-HSIAO (SB #240805)
   Email: kdamronhsiao@hbwllp.com
3  TINA RAD (SB #258849)
   Email: trad@hbwllp.com
4  HODEL BRIGGS WINTER LLP
   8105 Irvine Center Drive, Suite 1400
5  Irvine, California 92618
   Telephone: (949) 450-8040
6  Facsimile: (949) 450-8033

7  Attorneys for Defendant
   TARGET CORPORATION
8

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                    COUNTY OF SAN BERNARDINO

12

13  LYNN OSORIO,                        CASE NO.  CIVDS1315746

14              Plaintiff,

15        vs.                           **NOTICE TO ADVERSE PARTY OF
                                        REMOVAL OF CIVIL ACTION TO
16  TARGET CORPORATION, DOES 1          UNITED STATES DISTRICT COURT
    through 10, inclusive,              UNDER 28 U.S.C. §§ 1332  AND 1441
17                                      (DIVERSITY)**
            Defendants.
18

19                                      Complaint filed:  December 31, 2013

20

21

22

23

24

25

26

27

28

250118

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the United States District Court for the Central District of California on February 26, 2014.  A copy of said Notice of Removal and supporting exhibits are attached to this Notice, and are served and filed herewith.

DATED: February 26, 2014         HODEL BRIGGS WINTER LLP
                                 GLENN L. BRIGGS
                                 KYMBERLEIGH DAMRON-HSIAO
                                 TINA RAD

                                 By:_____
                                        GLENN L. BRIGGS

                                 Attorneys for Defendant
                                 TARGET CORPORATION

250118

1

NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO U.S. DISTRICT COURT

EXHIBIT "G"

# EXHIBIT "G"

1   GLENN L. BRIGGS (SB #174497)
    Email: gbriggs@hbwllp.com
2   KYMBERLEIGH DAMRON-HSIAO (SB #240805)
    Email: kdamronhsiao@hbwllp.com
3   TINA RAD (SB #258849)
    Email: trad@hbwllp.com
4   HODEL BRIGGS WINTER LLP
    8105 Irvine Center Drive, Suite 1400
5   Irvine, California 92618
    Telephone: (949) 450-8040
6   Facsimile: (949) 450-8033

7   Attorneys for Defendant
    TARGET CORPORATION

8

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                     COUNTY OF SAN BERNARDINO

12

13   LYNN OSORIO,                          CASE NO.  CIVDS1315746

14              Plaintiff,

15        vs.                              **NOTICE TO STATE COURT OF
                                           REMOVAL OF CIVIL ACTION TO
16   TARGET CORPORATION, DOES 1            THE UNITED STATES DISTRICT
     through 10, inclusive,                COURT UNDER 28 U.S.C. §§ 1332 AND
17                                         1441 (DIVERSITY)**
              Defendants.
18
                                           Complaint filed:     December 31, 2013
19

20

21

22

23

24

25

26

27

28

250119

        NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO U.S. DISTRICT COURT

1   TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF SAN

2   BERNARDINO:

3

4          Attached hereto as Exhibit "1" is a true and correct copy of the Notice to Adverse

5   Party of Removal of this action to the United States District Court for the Central District

6   of California.  The original Notice of Removal of Civil Action to the United States

7   District Court was filed with the United States District Court for the Central District of

8   California with the attached exhibits on February 26, 2014.

9

10         The filing of said Notice of Removal effects the removal of the above-entitled

11  action from this Court.

12

13

14

15  DATED: February 26, 2014          HODEL BRIGGS WINTER LLP
                                      GLENN L. BRIGGS
16                                    KYMBERLEIGH DAMRON-HSIAO
                                      TINA RAD
17

18

19                                    By: _____
20                                          GLENN L. BRIGGS
21                                    Attorneys for Defendant
22                                    TARGET CORPORATION

23

24

25

26

27

28

250119

1

NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge    Jesus G. Bernal    and the assigned Magistrate Judge is    Stephen J. Hillman    .

The case number on all documents filed with the Court should read as follows:

## EDCV14-3̶6̶6̶-JGB(SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

February 26, 2014
_____
Date

By    C. Sawyer
_____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☐ Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

☐ Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

☒ Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| Lynn Osorio | Target Corporation |

| (b) County of Residence of First Listed Plaintiff **Riverside**<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____<br>*(IN U.S. PLAINTIFF CASES ONLY)* |
|---|---|

| (c) Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.<br>Ritchie M. Lewis (SB #231100)<br>Law Office of Ritchie M. Lewis<br>8608 Utica Ave., Suite 212<br>Rancho Cucamonga, CA 91730<br>Telephone: (909) 948-9890 | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.<br>Glenn L. Briggs (SB #174497); Kymberleigh Damron-Hsiao (SB #240508); Tina Rad (SB #258849)<br>Hodel Briggs Winter LLP<br>8105 Irvine Center Drive, Suite 1400, Irvine, California 92618<br>Telephone: (949) 450-8040 |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☐ 1. Original Proceeding
- ☒ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Sections 1332 and 1441. This is an employment discrimination case originally filed in state court.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☒ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: _____ ED CV14 766

CV-71 (11/13)   CIVIL COVER SHEET   Page 1 of 3

COPY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☒ Yes   ☐ No | ☐ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☒ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?   Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?   Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| ☐ Yes   ☐ No | ☐ Los Angeles | ☐ Los Angeles | Western |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | EASTERN |

---

CV-71 (11/13)            CIVIL COVER SHEET            Page 2 of 3

American LegalNet, Inc.
www.FormsWorkFlow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed **in this court** that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**   _John L. Burris_   DATE: February 26, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

American LegalNet, Inc.
www.FormsWorkFlow.com